UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LISA MARIE GURULE,<br><br>  Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>  Defendant. | Case No. 2:24-cv-01078-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). ECF No. 20. The Court has reviewed the Motion and the Commissioner's Response (ECF No. 21).

**I.   BACKGROUND**

On October 10, 2024, the Court granted the parties' stipulation to remand the case for further administrative proceedings. ECF No. 16. On remand, the Commissioner granted Plaintiff's application and awarded $68,469.00 in past due benefits. ECF No. 20 at 5. Counsel is requesting an award of attorney's fees for a total of $19,117.25 under the contingency fee contract with a credit to Plaintiff for the EAJA fees previously paid in the amount of $6,100.00. *Id.*

**II.   DISCUSSION**

Under 46 U.S.C. § 406(b)(1)(A), "[w]hen a court renders a judgment favorable to a claimant … who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

In applying Section 406(b), the Court first determines whether a fee agreement has been executed between the plaintiff and her attorney. *See, e.g.*, *Garcia v. Astrue*, 500 F.Supp.2d 1239, 1242 (C.D. Cal. 2007). If so, the Court must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Nonetheless, the Court has an "affirmative duty" to ensure the fees provided are "reasonable." *Crawford v. Astrue*,

586 F.3d 1142, 1149 (9th Cir. 2009) (*en banc*). "A fee resulting from a contingency-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 1148 (internal quotation and citation omitted). The Court's review of the amount of attorney's fees is meant as "an independent check" to ensure that the agreement will "yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

Here, Counsel's request complies with 42 U.S.C. § 406(b) and the *Gisbrecht* factors. The Court finds, after considering the nature of the representation, the result achieved, and the reasonableness of the time expended and hourly rates, the fee requested is appropriately granted.

### III.    ORDER

IT IS HEREBY ORDERED that the Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 20) is **GRANTED**. A fee award in the amount of $19,117.25 is to be paid to the Law Offices of Lawrence D. Rohlfing, Inc., 12631 East Imperial Highway, Suite C-115, Sante Fe Sprints, California, 90670.

IT IS FURTHER ORDERED that the Rohlfing firm must refund EAJA fees of $6,100.00.

IT IS FURTHER ORDERED that if Plaintiff owes a debt that qualifies under the Treasury Offset Program (31 U.S.C. § 3716), any payment must be made payable to Plaintiff and delivered to Plaintiff's counsel.

Dated this 8th day of January, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE